MICHAEL MCMAHON v. STATE OF NEBRASKA.

FILED OCTOBER 15, 1895.    No. 7102.

1. **Criminal Law:** ARGUMENT: MISCONDUCT OF ATTORNEY: HARMLESS ERROR. Alleged misconduct of the attorney for the state by use of improper language during his argument to the jury, *held*, when viewed in connection with the evidence and all facts and circumstances of the case, not prejudicial to the rights of the defendant.

2. ————: MISCONDUCT OF JURORS: EVIDENCE: REVIEW. Where the evidence as to the alleged misconduct of jurors is conflicting, the finding of the trial court thereupon will not be disturbed.

3. **Burglary:** CONVICTION: EVIDENCE. Evidence in respect to the element of intent *held* sufficient to sustain the finding and verdict of the jury. ·

ERROR to the district court for Merrick county. Tried below before SULLIVAN, J.

*John Patterson*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state.

HARRISON, J.

The plaintiff in error was tried in the district court of Merrick county on a charge of burglary and was convicted and sentenced, and error in the proceedings is alleged.

It is first argued that there was misconduct of the prosecuting attorney during the trial of the cause, which entitles the plaintiff in error to a reversal of the judgment. During the course of his argument to the jury the prosecutor made use of language which counsel for defendant claimed was improper and asked that the statements of counsel for the state might be reduced to writing, and, together with the objections thereto, made a part of the record, but the stenographer not being in the court room, this was not done.

It appears that the court reproved the prosecuting attorney and in this manner made an effort to remedy the wrong, if any was committed.   It is stated that afterwards, and at or near the close of his argument, the prosecutor made another statement to the jury which was highly objectionable in its character and calculated to prejudice the rights of defendant. These events were not properly incorporated in the record, owing to the absence of the official stenographer at the time they occurred, but were made to appear by means of affidavits filed and presented with the motion for a new trial. There was an affidavit made and filed by the county attorney in which he denied the use of the language attributed to him by the affirmations of the affidavits on behalf of plaintiff in error, and further set forth the language employed by him at the times during his argument to which reference was made in the affidavits filed for defendant.   The judge who was present at the trial and listened to the argument doubtless heard the words used by the county attorney and understood their import and possessed superior facilities for forming a correct judgment of their probable effect upon the jurors, and saw fit to overrule this ground of the motion for a new trial, and, when viewed in connection with the evidence adduced and all the facts and circumstances in the case, we cannot discover wherein the alleged misconduct of the prosecuting attorney was to any extent or in any degree harmful to .the rights of plaintiff in error, hence the ruling of the trial court in this particular must be sustained. (*Debney v. State,* 45 Neb., 856.)

Another assignment of the petition which is urged, is one in relation to alleged misconduct of the jury after the cause was submitted and they had retired to deliberate.   The evidence in respect to the allegations of misconduct was directly conflicting, and the finding of the trial court on this point will not be disturbed.   It was fully and amply sustained by the evidence. (*Carleton v. State,* 43 Neb., 373.)

It is further urged that defendant was so intoxicated at

the time of the acts charged against him as to be incapable of forming an intention to steal, it being charged in the complaint that the breaking and entering the building was done with intent to steal certain liquors. A careful examination of the evidence discloses that the verdict is fully supported as to its element or finding in respect to the intent with which plaintiff in error broke and entered the building. It shows that it was to obtain the liquor, and that when obtained he secreted or assisted in secreting it. The judgment of the district court is

AFFIRMED.